IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
FEB 27 2023
MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CRIMINAL NO. 23-236 KG |
| vs. ) | |
| JOSEPH CRUTCHER, ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **JOSEPH CRUTCHER**, and the defendant's counsel, JESS R. LILLEY:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in **Count 1** a violation of 18 U.S.C. §§ 2251(a), 2256(2)(A): Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct; charging in **Count 2** a violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2256(8)(A), and 2256(2)(A): Distribution of Child Pornography; and charging in **Count 3** a violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A), and 2256(2)(A): Possession of Child Pornography.

## ELEMENTS OF THE OFFENSE

4. The elements of 18 U.S.C. §§ 2251(a), 2256(2)(A), Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, are:

   a. the defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

   b. at the time, the victim was a minor (under 18 years old); and

   c. the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer, or has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

5. The elements of 18 U.S.C. §§ 2252A(a)(2)(A), 2256(8)(A), and 2256(2)(A), Distribution of Child Pornography, are:

   a. The defendant knowingly distributed an item or items of child pornography;

   b. The item or items of child pornography were transported in interstate or foreign commerce or by any means, including by computer; and

   c. When the defendant distributed the item or items, the defendant believed the item or items were child pornography.

6. The elements of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A), and 2256(2)(A), Possession of Child Pornography, are:

    a. The defendant knowingly possessed any matter that contained an image of child pornography;

    b. That such child pornography had been produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; and

    c. The defendant knew that such images constituted child pornography.

SENTENCING

7. The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 1** is:

    a. imprisonment for a period of not less than 15 years and not more than 30 years, but, pursuant to 18 U.S.C. § 2251(e), if the Defendant has a prior conviction under Chapter 110, 18 U.S.C. § 1591, Chapter 71, Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than 25 years and not more than 50 years, but if the Defendant has two or more such priors, then the minimum and maximum penalty is imprisonment for a period of not less than 35 years and not more than lifetime imprisonment;

    b. a fine not to exceed $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c. a mandatory term of supervised release of not less than 5 years and not more than life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d. a mandatory special penalty assessment of $100.00;

  e.  an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014;

  f.  an assessment, pursuant to 18 U.S.C. § 2259A, per count, of no more than:

    i.  $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

    ii.  $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

    iii.  $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256);

  g.  mandatory restitution pursuant to 18 U.S.C. § 2259.

8.  The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 2** is:

  a.  imprisonment for a period of not less than five years and not more than 20 years, but, pursuant to 18 U.S.C. § 2252A(b)(1), if the Defendant has a prior conviction under Chapter 110, 18 U.S.C. § 1591, Chapter 71, Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than 15 years and not more than 40 years, but if the Defendant has two or more such priors, then the minimum and maximum penalty is imprisonment for a period of not less than 35 years and not more than lifetime imprisonment;

  b.  a fine not to exceed $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

      c.      a mandatory term of supervised release of not less than 5 years and not more than life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

      d.      a mandatory special penalty assessment of $100.00;

      e.      an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014;

      f.      an assessment, pursuant to 18 U.S.C. § 2259A, per count, of no more than:

           i.      $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

           ii.      $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

           iii.      $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256);

      g.      mandatory restitution, pursuant to 18 U.S.C. § 2259(b)(2), that is not less than $3,000.00 per victim.

9.      The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 3** is:

      a.      imprisonment for a period of not more than ten years, unless any image of child pornography involved a prepubescent minor or a minor who had not attained 12 years of age, then imprisonment for a period of not more than 20 years. Pursuant to 18 U.S.C. § 2252A(b)(2), if the Defendant has a prior conviction under Chapter 71, Chapter 109A, Chapter 110, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the

5

        production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the minimum and maximum penalty is imprisonment for a period of not less than ten years and not more than 20 years;

b.   a fine not to exceed $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.   a mandatory term of supervised release of not less than five years and not more than life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d.   a mandatory special penalty assessment of $100.00;

e.   an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014;

f.   an assessment, pursuant to 18 U.S.C. § 2259A, per count, of no more than:

    i.   $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

    ii.   $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

    iii.   $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256);

g.   mandatory restitution, pursuant to 18 U.S.C. § 2259(b)(2), that is not less than $3,000.00 per victim.

10.   The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. Defendant further

recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

11. The parties agree that, as part of the defendant's sentence, the Court may enter an order of restitution pursuant to 18 U.S.C. § 2259.

12. It is expressly understood and agreed by and between the defendant and the United States that:

    a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

    b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

    c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

    d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing,

shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

13. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **Between on or about June 21, 2015, and continuing to on or about November 9, 2022, in Eddy County, in the District of New Mexico and elsewhere, I knowingly and intentionally used minor children that I had access to in order to produce photographs and videos of those children engaged in sexually explicit conduct. For example, on or about October 7, 2022, I knowingly and intentionally posed for a photograph that I knew was being taken by Rachel Crutcher, my co-defendant, that depicts me naked with my genitals exposed while I hug a nine-year-old female child who is naked, and her vagina is clearly visible. Additionally, on or about May 30, 2022, I knowingly and intentionally took a video of a nine-year-old child that was focused on the child's genital opening. These visual depictions were produced using a Samsung Galaxy A12 cell phone that was manufactured in Vietnam and traveled in foreign commerce prior to the production of the visual depictions in New Mexico. I knowingly possessed these visual depictions that I knew were child**

8

> pornography from the date I produced them until law enforcement seized them from me on November 9, 2022. The visual depictions of child pornography that I possessed included child pornography involving infants or toddlers.
>
> On or about November 9, 2022, in Eddy County, in the District of New Mexico and elsewhere, I knowingly sent and distributed a visual depiction that I knew were child pornography to others. Specifically, on or about November 9, 2022, using an Internet application, I sent a photograph to another individual that depicted a nine-year-old child with her shorts pulled down and her bare vagina exposed. The child's hand was down her pants, and her fingers were near or on her vagina. The image I sent on November 9, 2022, was received by an individual in Washington, D.C., thus the image crossed a state line.

14. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

15. The United States and the defendant stipulate as follows:

    a. Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

    b. Apart from the provisions in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be

imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

16.     The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## RESTITUTION

17.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. §§ 3663A(a) and (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259. The Defendant agrees to make full restitution to all minor victims of the Defendant's offense(s) as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the Defendant agrees to pay restitution to any minor victims, for the entire scope of the criminal conduct, including but not limited to all matters included as relevant conduct. The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the Defendant, including any contact sexual offense. Further, pursuant to



18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. The Defendant agrees to pay restitution in the amount of $25,000.00 per victim, who may be identified and request restitution prior to sentencing, which is payable to the United States District Court Clerk.

18. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

19. The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since November 9, 2022, including the location of the assets and the identity of any third party.

20. The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any

11

other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. § 3664(k), (n).

21. The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

22. The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## FORFEITURE

23. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the

Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

24. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a. LG Cellular Phone with gray back

    b. Amazon Tablet Model: M8S26G

    c. HP Chromebook x360 Model: 14aca0090wm, Serial Number 5CD044HN8F

    d. LG Cellular phone, cracked screen, with beige back

    e. Samsung Cellular Phone Model: SM-J72T2, IMEI 355620-08-188468/2

    f. HP Laptop Model :15-bs144wm, Serial Number CND9023C7

    g. 8GB Micro SD Card MMD8GBSM2691-TO DM7T231P

    h. Aspire 7560 Series Laptop Model P7YE5, Serial Number LXRKJ020271491290B1601

    i. LG Cellular Phone Model: LG-SP200, Serial Number 804VTSM0770566

    j. Sports Cam Full HD 1080p

    k. Omni 2 Camera AE0434D00143

    l. Cloak Cam 1080

    m. 5 CD Optical Disks

    n. Play Station 4 Sony CUH 2215A

    o. Xbox One S Serial Number 174021683616

    p. Black Kyocera Cell Phone

    q. Celero 5g Cellular Phone

    r. Samsung Cellular Phone SM-J327T1, IMEI: 352001/009/728600/1

    s.  T Mobile Cellular Phone IMEI: 763892053374308

    t.  Purple HP Stream Laptop with SD Card

    u.  Blue HP 2000 Notebook PC Serial Number 5CG3203MJ6

    v.  Compaq Presario Serial Number CNH44202SG

    w.  Samsung Galaxy A12 Cellular Phone Model: SM-A125U1/DS, Serial Number R58RA3ZL820, IMEI 352945784320855

    x.  Samsung Galaxy A12 Cellular Phone Model: SM-A125U1/DS, Serial Number R58RA22-LMPX, IMEI 352945784100562

25.   The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

26.   The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

27.   The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## DEFENDANT'S OBLIGATIONS

28.   The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to

defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

29. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

30. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

31. By signing this plea agreement, the Defendant knowingly and voluntarily waives any rights and defenses the Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to imposition of special or other assessments.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

32. The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration

requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that the defendant shall keep the defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

33. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

34. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

35. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly

waives the right to appeal the Defendant's conviction(s) and any sentence, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

36. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information. Specifically, the United States agrees to forgo additional production of child pornography charges pursuant to 18 U.S.C. § 2251(a), enticement of a minor pursuant to 18 U.S.C. § 2422(b), and distribution of child pornography charges, pursuant to 18 U.S.C. § 2252A(a)(2).

37. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

38.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

39.     The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

40.     At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $300.00 in payment of the special penalty assessment described above.

41.     Pursuant to 18 U.S.C. § 3014, if the Defendant is found to be non-indigent, the Defendant will also tender to the United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000, per relevant count of conviction.

42.     The parties agree that the United States will request the Court to order the Defendant to pay an assessment of up to **$50,000**, per relevant count of conviction. Any

assessment imposed shall be paid to the United States District Court by money order or certified check payable to the order of the United States District Court.

## ENTIRETY OF AGREEMENT

43.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 20th day of January, 2023.

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Marisa Ong*

MARISA A. ONG
MATILDA M. VILLALOBOS
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

JOSEPH CRUTCHER
Defendant

I am the attorney for JOSEPH CRUTCHER. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

JESS R. LILLEY
Attorney for Defendant