AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**JOSEPH CRUTCHER** | **Amended Judgment in a Criminal Case - Reason:**<br>Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)<br>**to adding who will be receiving restitution**<br>Case Number:  **5:23CR00236-001KG**<br>USM Number: **31182-510**<br>Defendant's Attorney:  **Jess Lilley, Appointed** |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **1, 2 and 3 of Information**.
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count* |
|---|---|---|---|
| 18 U.S.C. Sec. 2251(a) | Production of Child Pornography | 10/07/2022 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 .

☐  The defendant has been found not guilty on count(s) .
☐  Count(s)  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**9/12/2023**
Date of Imposition of Judgment

**/s/ Kenneth J. Gonzales**
Signature of Judge

**Honorable Kenneth J. Gonzales**
**United States District Judge**
Name and Title of Judge

**9/21/2023**
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1A                                                                                                    Judgment - Page 2 of 8

DEFANDANT: **JOSEPH CRUTCHER**
CASE NUMBER: **5:23CR00236-001KG**

## ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Secs. 2252A(a)(2)(A), 2256(8)(A), and 2256(2)(A) | Distribution of Child Pornography | 11/09/2022 | 2 |
| 18 U.S.C. Secs. 2252A(a)(5)(B), 2256(8)(A), and 2256(2)(A) | Possession of Child Pornography | 06/21/2015 | 3 |

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 2 - Imprisonment            Judgment - Page 3 of 8

DEFENDANT: **JOSEPH CRUTCHER**
CASE NUMBER: **5:23CR00236-001KG**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **840 months**.

**A term of 360 months is imposed as to Count 1, and a term of 240 months is imposed as to each of Counts 2 and 3 of Information; said terms shall run consecutively for a total term of 840 months.**

☒ The court makes the following recommendations to the Bureau of Prisons:
    **Englewood Federal Correctional Institution, Littleton, Colorado, if eligible**
    **or United States Penitentiary Tucson or a Facility in Texas if eligible**

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
    ☐    at  on .
    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐    before 2 p.m. on .
    ☐    as notified by the United States Marshal.
    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to

_____ at _____ with a certified copy of this judgment.

                                                                             _____
                                                                             UNITED STATES MARSHAL

                                                          By    _____
                                                                              DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3 – Supervised Release
                                                                                                Judgment - Page 4 of 8

DEFENDANT: **JOSEPH CRUTCHER**
CASE NUMBER: **5:23CR00236-001KG**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **life** .
**as to each count**

### MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require you to notify that person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. You must undergo a sex offense-specific assessment to determine the level of risk for sexual dangerousness, recidivism, and amenability to treatment and formulate treatment recommendations if treatment is necessary. You may be required to pay all, or a portion of the cost of the assessment.
15. You will waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider.
16. You must submit to a search of person, property, residence, vehicles, documents, businesses, computers [as defined in 18 U.S.C. 1030(e)(1)], and other electronic communications or data storage devices or media effects, at any time, by a probation officer with reasonable suspicion concerning a violation of a condition of probation or supervised release, or unlawful conduct by the person, in the lawful discharge of the officer's supervision functions. You must inform any other occupants that the premises may be subject to searches pursuant to this condition. Failure to submit to a search may be grounds for revocation of supervision.
17. You will not have any direct or indirect contact or communication with the victim or his or her family, or go near or enter the premises where the victim or his or her family resides, is employed, attends school or treatment, except under circumstances approved in advance and in writing by the probation officer.

DEFENDANT: **JOSEPH CRUTCHER**
CASE NUMBER: **5:23CR00236-001KG**

## SPECIAL CONDITIONS OF SUPERVISION

**You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You may be required to pay all, or a portion, of the costs of the program.**

**You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider.**

**You must not communicate, or otherwise interact, with codefendant(s)/coconspirator(s).**

**You must reside in a residential reentry center for a term of 180 days. You must follow the rules and regulations of the center.**

**If recommended in the sex offense-specific assessment, you must begin attending and participating in sex offender treatment consistent with the recommendations of the evaluation. You must follow the rules and regulations of that program. The probation officer, in conjunction with the treatment provider, will supervise your participation in the program (location, modality, duration, intensity, etc.). Furthermore, you must submit to clinical polygraph examinations, as directed by the probation officer and/or treatment provider. You may be required to pay a portion or all of the cost of the assessments and treatment.**

**You are prohibited from viewing or possessing any material that depicts sexually explicit conduct as defined in 18 U.S.C. 2256, including images, books, writings, drawings, video games, or videos depicting actual sexual intercourse. This also includes computer or computer-generated images or pictures, whether made or produced by electronic, mechanical, or other means. Should the sex offense-specific assessment determine this factor is not a risk, then this condition shall not be enforced.**

**You must not have direct contact with children under the age of 18 years without written approval of the treatment provider in conjunction with the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18 years, including your own children, without the permission of the probation officer in conjunction with the treatment provider, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.**

**You are restricted from engaging in an occupation where you have access to children.**

**You must not go to or remain within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18years old.**

**You must not volunteer for any activities in which you supervise children or adults with mental or physical disabilities.**

**You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP): You may possess or use a computer(s) (as defined in 18 U.S.C. 1030(e)(1)) or an internet capable device under certain conditions. This is not a prohibition on lawful computer or internet capable device use, but a restriction on the type of computer or internet capable device you may use. First, you must identify to the probation officer your computer or internet capable device(s), data storage device(s), or any other electronic equipment capable of storing, retrieving, and/or accessing data that you possess or use. You will agree to only use the computer or internet capable device(s) you have disclosed to the probation officer. Second, you must allow the installation of monitoring software/hardware on your computer or internet capable device(s), at your expense, and you must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. You understand that the software will record all activity on your computer or internet capable device(s), and you shall inform any other users that said computer or internet capable device(s) are subject to monitoring. A computer or internet capable device that is not able to be effectively monitored will not be approved for use. Third, you must disclose any username or identification(s) and password(s) for all computer or internet capable devices. Fourth, you must submit to the probation officer, upon request, any cellular or telephone/internet service provider billing records or receipts, to verify that you are not utilizing services that are prohibited.**

**You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to pay all, or a portion, of the costs of the program.**

**You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous substance abuse evaluations and/or other pertinent treatment records to the treatment provider.**

**You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing.**

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature                                                                 Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 6 – Criminal Monetary Penalties　　　　　　　　　　　　　　　　　　　　　　　　Judgment - Page 8 of 8

DEFENDANT: **JOSEPH CRUTCHER**
CASE NUMBER: **5:23CR00236-001KG**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

☐　The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| **Totals:** | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| | $300.00 | $50,000.00 | $ | $ | $ |

☐　The determination of the restitution is deferred until . An *Amended Judgment in a Criminal Case* will be entered after such determination.
☐　The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A　☒　In full immediately; or

B　☐　$ due immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Based on the defendant's lack of financial resources, the Court will not impose a fine or a portion of a fine. However, in accordance with U.S.S.G. 5E1.2(e), the Court has imposed as a special condition that the defendant reside at a residential reentry center. The Court concludes the total combined sanction without a fine or alternative sanction, other than the defendant reside at a residential reentry center, is sufficiently punitive.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest in the 24 items listed in paragraph 24 a-x of the plea agreement, which includes cellular phones, computers, tablets, gaming systems, and external data storage seized during the instant offense.**

**The defendant is subject to the provisions of the Justice for Victims of Trafficking Act of 2015, which requires the Court to assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). The Court finds the defendant is indigent and will not be required to pay the $5,000 assessment.**
**Restitution payments will be paid to T.C for $25,000 and W.C for $25,000.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment,  (2) restitution principal,  (3) restitution interest,  (4) AVAA assessment,  (5) fine principal,  (6) fine interest,  (7) community restitution,  (8) JVTA assessment,  (9) penalties, and  (10) costs, including cost of prosecution and court costs.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.